UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| ZOOM NORTH AMERICA, LLC, | Civ. Action No: 25-cv-1666 |
| Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| NJM RETAIL, LLC and | Jury Trial Demanded |
| NATHANIEL MCKAY, | |
| Defendants. | |

------------------------------------------------------------X

Plaintiff Zoom North America, LLC ("Plaintiff" or "ZNA"), by and through its undersigned counsel, complains and alleges against Defendants NJM Retail, LLC ("NJM") and Nathaniel McKay ("McKay") (collectively "Defendants") as follows:

## NATURE OF ACTION

1. ZNA files this action and seeks damages and injunctive relief against Defendants for federal trademark infringement under 15 USC §1114, false designation of origin and unfair competition under the Lanham Act, 15 USC § 1125(a), and false advertising under the Lanham Act, 15 USC § 1051(a), arising from Defendants' wrongful promotion and sale of certain products on e-commerce sites, including but not limited to, Amazon.com.

## JURISDICTION AND VENUE

2. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

3.      This court has personal jurisdiction over Defendants because, among other things, Defendants have misrepresented the nature of products to residents of this District; because Defendants have sold products to residents of this District; because Defendants have caused injury to the ZNA's trademarks in this District; because Defendants practice the unlawful conduct complained of herein, in part, within this District; because Defendants regularly conduct or solicit business within this District; because Defendants regularly and systematically direct electronic activity into this District with the intent of engaging in business within this District, including the sale and/or offer for sale of products to Internet users within this District, as well as, upon information and belief, entry into contracts with residents of this District through the sale of items through various online retail platforms.

4.      Venue in this district is proper under 28 U.S.C. § 1391 because, among other things, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

5.      ZNA is a limited liability company organized and existing under the laws of the state of New York, with its principal place of business located at 2040 Express Drive South, Suite 500, Hauppauge, New York 11788.

6.      Upon information and belief, NJM is a Washington D.C. limited liability company with its principal place of business located at 1280 Raum Street NE, Apt 2, Washington D.C. 20002.  NJM does business as Amazon seller Eyes on Deals (Amazon Seller ID A1YTDJSEVJAUUX).  NJM is not currently, and has never been, an authorized reseller of ZNA's products.

7. Upon information and belief, McKay is the principal owner and operator of NJM. McKay is not currently, and has never been, an authorized reseller of ZNA's products.

## FACTUAL ALLEGATIONS

8. ZNA was formed in 2013, and is a wholly-owned subsidiary of Zoom Corporation of Japan. Zoom Corporation manufactures and distributes a wide line of audio, video and musical products. ZNA is the exclusive distributor of such products in the United States. Further details about these companies, as well as the line of products they sell, is available at www.zoomcorp.com.

9. The mentioned audio, video and musical products are marketed and sold under the trademarks ZOOM and ZOOM and design (hereinafter "the ZOOM Trademarks"). The ZOOM Trademarks have been continuously used in the United States since at least as early as 1989. Zoom Corporation is the owner of U.S. Trademark Registration No. 3,555,352 for the mark ZOOM and design, which is in full force and effect. As the exclusive distributor of Zoom-branded products in the United States, ZNA is authorized to both use and enforce the ZOOM trademarks.

10. ZNA has spent significant time and invested substantial sums of money in promoting the well-recognized ZOOM Trademarks in the United States. As a result of this long and continuous use and the substantial promotional activities, ZNA has developed a considerable amount of goodwill and a favorable reputation in the ZOOM Trademarks.

11.     To create and maintain goodwill among its customers, ZNA has taken substantial steps to ensure that products bearing the ZOOM Trademarks are of the highest quality.  As a result, the ZOOM Trademarks have become widely known and are recognized throughout the state of New York and this District, and the United States, as symbols of high-quality products.

12.     For example, each ZOOM-branded product sold in the United States market is protected by the Zoom North America Limited Customer Warranty (the "Zoom Warranty").

13.     However, per its terms, only ZOOM-branded products purchased from a Zoom Authorized Reseller qualify for the Zoom Warranty.  Specifically, the Zoom Warranty states:



4

14. As a result of the care and skill exercised by ZNA in the conduct of its business, the high quality of the goods sold under the ZOOM Trademarks, and the extensive advertising, sale, and promotion by ZNA of the ZOOM-branded products, the ZOOM Trademarks have acquired secondary meaning in the United States, including this District.

15. ZNA is not now, nor has it ever been, affiliated with Defendants, and Defendants are not now, nor have they ever been, authorized to use the ZOOM Trademarks.

16. Defendants have sold and are currently selling products bearing the ZOOM Trademarks on several online retail platforms, including, but not limited to, Amazon.com.

17. Defendants have never been authorized or otherwise granted permission to sell ZOOM-branded products.

18. Defendants represent that the ZOOM-branded products they offer for sale on Amazon.com are "new" despite the fact that they are used, closed-out, liquidated, counterfeit and/or products of unknown origin.

19. As such, the ZOOM-branded products sold by Defendants are non-genuine products.

20. In the screenshot below, a ZOOM-branded product is being offered for sale by Defendants as "new" on the Amazon website:



21.     Defendants' advertisement of ZOOM-branded products and use of the ZOOM Trademarks provides customers with a false assurance that the products they purchase from Defendants conform with ZNA's high standards and work as intended, when in fact they are receiving non-genuine ZOOM-branded products.

22.     Defendants are falsely advertising the ZOOM-branded products they offer for sale and sells on the Internet to United States consumers using the ZOOM Trademarks.  Specifically, Defendants advertise that the ZOOM-branded products they sell are "new" - but then fulfills the orders for the advertised "new" products with used, closed-out, liquidated, counterfeit or products of unknown origin.

23.     By advertising "new" ZOOM-branded products to consumers in the United States, Defendants falsely represent and/or create the false impression that the products are accompanied by the corresponding Zoom Warranty.  However, the products bearing the ZOOM Trademarks which are used, closed-out, liquidated, counterfeit, or products of unknown origin and which are sold to consumers by Defendants are materially different products.

6

24. As a specific example, Defendants are falsely advertising ZOOM-branded products on Amazon.com. Defendants represent that the ZOOM-branded products they offer for sale on Amazon.com are "new," yet Defendants' ZOOM-branded products offered for sale on Amazon.com are not in "new" condition as advertised.

25. Amazon's announced Terms and Conditions[1] require that in order to advertise a product as "new," it must carry the manufacturer's warranty:

> **General condition guidelines**
>
> The following guidelines apply to all product categories unless otherwise indicated in the Category-Specific Condition Guidelines listed below:
>
> **New:**
>
> Just like it sounds. A brand-new item. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments. Original packaging is present for most New items but certain items like shoes may be re-boxed.

26. Pursuant to its terms, the Zoom Warranty applies only to ZOOM-branded products purchased from Zoom Authorized Resellers.

27. Because Defendants are not authorized to sell ZOOM-branded products, the Zoom Warranty excludes products sold by Defendants. The ZOOM-branded products offered for sale and sold by Defendants are not covered – and cannot be covered – by the Zoom Warranty.

28. Because the ZOOM-branded products sold by Defendants are not covered by the Zoom Warranty, the products bearing the ZOOM Trademarks sold by Defendants

---

[1] Available at:
https://sellercentral.amazon.com/help/hub/reference/external/200339950

via Amazon.com are not in "new" condition pursuant to Amazon's Terms and Conditions, as advertised by Defendants.

29. Defendants' advertisement of "new" ZOOM-branded products when they are in fact not new and not covered by the Zoom Warranty has caused consumer confusion and harm.

30. In addition to harm to consumers, the sale of non-genuine ZOOM-branded products directly harms ZNA. When consumers purchase ZOOM-branded products from Defendants, they expect that the products they receive are new and in proper working order. Instead, their image of ZNA is diminished because they receive used, closed-out, liquidated, counterfeit, or products of unknown origin. ZNA's opportunity to sell genuine, high-quality products to those consumers may be lost forever. As a result of Defendants' conduct, ZNA suffers substantial and irreparable harm to their brand, image, business, and goodwill with the public.

31. Indeed, on September 16, 2023, a customer of Defendants named Art Vaquez left the following 1-star (out of 5-star) review:
> "Seller sold me a controller with missing parts and the controller was broken... It was obviously a broken return do not buy from them."

32. Similarly, on June 9, 2023, another customer of Defendants named Alan left the following 2-star review on Defendants' page:
> "Absolute fraud! The box and contents are mismatched. Inside is completely different RAM. I was sent a set of 2x16GB black Flare X5 G.Skill @6000 Mhz with AMD Expo profiles in a box for Metallic Silver Trident Z5 RGB G.Skill 6000Mhz RAM. The RAM inside has masking tape on it and writing. Not even the incorrect box matches what was ordered: Trident Z5 RGB metallic silver @6400Ghz with XMP profile."

8

33. On September 11, 2022, a customer left the following 1-star review on Defendants' page:

> "This product is listed as new on Amazon, and it indeed is not. The package has been previously opened, there are dried liquid stains inside the case, etc."

34. On October 24, 2023, still another customer left the following negative review on Defendants' page:

> "I got a used $1,400 headphones. That isn't cool. Not happy that now I need to find a more reputable company to purchase from. I will never buy another product from this Amazon seller. Now I need to find the time to repackage and take to an ups outfit as you can't send this back via Whole Foods. Inside the cables were still plugged into the headset with a rubber band around the cable. WTF. $1,400."

35. Offering ZOOM-branded products as "new" despite the fact that they are used, closed-out, liquidated, counterfeit and/or products of unknown origin results in poor brand experiences, as illustrated by the customers who posted the foregoing negative reviews.

36. Defendants' conduct results in consumer confusion, the dilution of ZNA's goodwill and trade name, as well as lost sales and profits of actual "new" ZOOM-branded products.

37. Defendants are also improperly manipulating the online review system and falsely advertising its positive online review score in order to deceive customers and improperly compete with ZNA for sales.

38. Defendants' Amazon storefront lists the following:



9

39. As shown below, Defendants goes so far as to claim that they have had only one (1) review below 3-stars:



40. Customers rely upon and use the above positive rating when deciding which merchant to make a purchase from.

41. However, Defendants' true rating is far lower than it appears, as Defendants are purposefully hiding poor reviews by falsely reporting these reviews as being the fault of the fulfillment service. In short, Defendants are purposefully suppressing honest negative reviews it has received from customers.

42. After receiving a poor customer review, Defendants falsely reports the poor customer review as being the fault of the fulfillment service with full knowledge that the fulfillment service had no part in the product which created the poor customer experience.

43. When reported in this manner, the review does not count towards the seller's feedback score.

44.     Despite holding itself out to consumers as having 99% positive feedback over their lifetime, approximately 34 of Defendants' customers have left a 1-star review, 10 have left a 2-star review and 4 have left a 3-star review. Thus, instead of 1 poor reviews, Defendants have actually received approximately 48 poor reviews in their lifetime. This is illustrated in the following chart:

| Star Rating | Total Reviews | Blamed on Amazon | Active Reviews |
|---|---|---|---|
| 1 | 34 | 34 | 0 |
| 2 | 10 | 9 | 1 |
| 3 | 4 | 4 | 0 |
| 4 | 10 | 0 | 10 |
| 5 | 137 | 0 | 137 |
| Total | 195 | 47 | 148 |

45.     By falsely reporting the poor feedback as a fulfillment issue with full knowledge that it is instead a product issue, Defendants purposefully manipulate the feedback to artificially inflate its feedback and positivity score - to the detriment of unsuspecting customers and legitimate resellers who do not engage in this practice.

46.     But for Defendants' manipulation and purposeful suppression of honest negative reviews, it would have a far lower feedback and positivity score resulting in far less sales to Defendants and more sales to ZNA and it authorized resellers (which also use the Amazon platform).

47.     Defendants' actions substantially harm ZNA by placing infringing, falsely advertised ZOOM-branded products into the stream of commerce in the United States through a storefront with an artificially high feedback rating.

48.     Defendants' advertisement and sale of non-genuine products bearing the ZOOM Trademarks has caused – and is likely to continue causing – consumer confusion

by representing to consumers that the ZOOM-branded products offered by sale by Defendants are "new" when they are not.

49. Defendants' advertisement and sale of non-genuine products bearing the ZOOM Trademarks has caused – and is likely to continue causing – consumer confusion and disappointment regarding ZNA's sponsorship or approval of those products, creating a false designation of origin in the minds of consumers.

50. Defendants' actions substantially harm ZNA's goodwill and reputation when consumers learn that the products bearing the ZOOM Trademarks they have purchased from Defendants are not as advertised.

51. Defendants' conduct results in consumer confusion, as well as the dilution of ZNA's goodwill, as consumers are not receiving the products they believe they are purchasing.

52. Defendants' conduct as described herein results in the lessening of sales of genuine, properly advertised ZOOM-branded products to the detriment of ZNA.

53. As a result of Defendants' actions, ZNA is suffering a loss of the enormous goodwill it created in the ZOOM Trademarks.

54. Defendants continue to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to ZNA's irreparable harm.

## COUNT 1

**(Trademark Infringement, 15 U.S.C. § 1114)**

55. ZNA hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

56. The acts of Defendants alleged herein constitute the use in commerce, without the consent of ZNA, of a reproduction, counterfeit, copy, or colorable imitation of the ZOOM Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion or mistake, or to deceive consumers, and therefore infringe ZNA's rights in the ZOOM Trademarks, all in violation of the Lanham Act.

57. Defendants' infringing activities are likely to cause, are actually causing, and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products, and constitute trademark infringement under 15 U.S.C. § 1114.

58. Defendants' use of the ZOOM Trademarks in the advertisement or sale of ZOOM-branded products demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the ZOOM Trademarks, thereby causing immediate, substantial, and irreparable injury to ZNA.

59. As a direct and proximate result of Defendants' actions, ZNA has been, and continues to be, damaged by Defendants' activities and conduct.

60. Defendants have profited thereby, and, unless their conduct is enjoined, ZNA's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, ZNA is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II

**(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))**

61. ZNA hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. ZNA engages in interstate activities to promote the ZOOM Trademarks and the ZOOM-branded products sold under such marks.

63. The ZOOM Trademarks have been, and will continue to be, known throughout the United States as identifying and distinguishing ZNA's products and services.

64. By selling or distributing products using the ZOOM Trademarks that are different from those sold by ZNA as alleged herein, Defendants are engaging in unfair competition, falsely designating the origin of its goods and services, and/or falsely representing sponsorship by, affiliation with, or connection to ZNA and its goods and services in violation of 15 U.S.C. § 1125(a).

65. By advertising or promoting products using the ZOOM Trademarks that are different from those sold by ZNA as alleged herein, Defendants are misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

66. Defendants' continued use of the ZOOM Trademarks constitutes the use in interstate commerce of a word, term, name, symbol, or device, or any combination thereof, or false designation of origin, in connection with the sale, or offering for sale, of goods in violation of 15 U.S.C. § 1125(a)(1)(A).

67. Defendants have used, and continue to use, the ZOOM Trademarks to sell products that are different from those sold by ZNA in the United States, thereby creating a false designation of origin in violation of 15 U.S.C. § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and public deception in the marketplace, and injury to ZNA's goodwill and reputation as symbolized by the ZOOM Trademarks, for which ZNA has no adequate remedy at law.

68. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZOOM Trademarks, thereby causing immediate, substantial, and irreparable injury to ZNA.

69. By selling and advertising products under the ZOOM Trademarks that are different from those sold by ZNA, Defendants are using the ZOOM Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services to the public, without ZNA's consent. Defendants are falsely designating the origin of its goods and services and/or falsely representing sponsorship by, affiliation with, or connection to, ZNA and its goods and services in violation of 15 U.S.C. 1125(a). Accordingly, ZNA is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

70. As a direct and proximate result of Defendants' actions, ZNA has been, and continues to be, damaged by Defendants' activities and conduct. Defendants have profited thereby, and unless their conduct is enjoined, ZNA's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or

compensated by money damages. Accordingly, ZNA is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT III

### (False Advertising, 15 U.S.C. § 1125(a))

71. ZNA hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. Defendants have made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding the products it offers for sale and/or sells. These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and condition of these products and/or the positivity or feedback rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of ZNA's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of ZNA's customers.

73. Defendants' false and misleading advertisements violate Section 43 of the Lanham 4 Act, 15 U.S.C. § 1125(a).

74. Defendants, as described more fully above, have caused, and will continue to cause, immediate and irreparable injury to ZNA for which there is no adequate remedy at law. As such, ZNA is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendants, their distributors, retailers, agents, employees, representatives, and all persons acting in concert with it, from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

75. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZOOM Trademarks, thereby causing immediate, substantial, and irreparable injury to ZNA.

76. Pursuant to 15 U.S.C. § 1117, ZNA is entitled to recover from Defendants the damages sustained by ZNA as a result of Defendants' acts in violation of Section 43 of the Lanham Act.

77. Pursuant to 15 U.S.C. § 1117, ZNA is also entitled to recover from Defendants the gains, profits, and advantages that it has obtained as a result of their unlawful acts. ZNA is presently unable to ascertain the full amount of the gains, profits, and advantages Defendants have obtained by reason of its unlawful acts.

78. Pursuant to 15 U.S.C. § 1117, ZNA is further entitled to recover the costs of this action. Moreover, ZNA is informed and believes that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling ZNA to recover additional damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

A. Finding that, (i) as to Count I, Defendants' unauthorized sale of ZOOM-branded products infringes the ZOOM Trademarks, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendants' unauthorized sale of Zoom-branded products constitutes a false designation of origin, in violation of 15 U.S.C. § 1125(a); and (iii) as to Count III, Defendants' false advertisement of ZOOM-branded products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); resulting in Defendants, their officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert

or participation with Defendants, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

    i.  Using or attempting to use, any of ZNA's intellectual property, including, but not limited to, the ZOOM Trademarks;

    ii. Advertising, selling, or taking any steps to sell, any products bearing the ZOOM-Trademarks in an improper manner;

    iii.  Engaging in any activity constituting unfair competition with ZNA; and

    iv.  Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

    B.    Enter judgment that Defendants' acts of infringement have been knowing and willful;

    C.    Award ZNA its damages suffered as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

    D.    Award ZNA Defendants' profits as a result of Defendants' acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117;

    E.    Award ZNA exemplary and punitive damages in an appropriate amount;

    F.    Award ZNA statutory damages of $2,000,000 per mark pursuant to 15 U.S.C. § 1117(c);

    G.    Award ZNA its reasonable attorneys' fees in bringing this action as allowed by law;

    H.    Award ZNA pre-judgment and post-judgment interest in the maximum amount allowed under the law;

    I.    Award ZNA the costs incurred in bringing this action; and

    J.    Award ZNA such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ZNA hereby demands a trial by jury as to all claims in this litigation.

Respectfully submitted,

Dated: March 26, 2025

By: /s/ R. Glenn Schroeder
R. Glenn Schroeder
Schroeder Law PC
110 Cooper Street #605
Babylon, New York  11702
Telephone:  (631) 649-6109
Facsimile:  (631) 649-8126
gschroeder@schroederlawpc.com

Attorney for Plaintiff
Zoom North America, LLC